Law Division Motion Section Initial Case Management Dates for CALENDARS (A, B, D, E, F, H, R, X, Z) will be heard in person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 4/7/2026 10:00 AM

**Exhibit A**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED
2/4/2026 3:10 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2026L001368
Calendar, C
36510473

|  |  |
|---|---|
| **MARIAH BEAVERS**<br><br>**Plaintiff,**<br><br>***v.***<br><br>**SMITH & WESSON SALES COMPANY, INC., and RANGE AT 355, LLC,**<br><br>**Defendants.** | **Court No.**<br><br>***JURY DEMANDED*** |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, MARIAH BEAVERS, by and through her attorneys, LOVERDE LAW, LLC, hereby complaining of Defendants, SMITH & WESSON SALES COMPANY, INC., and RANGE AT 355, LLC, and in support of said Complaint, Plaintiff pleads hypothetically and, in the alternative, and states as follows:

**COMMON FACTUAL ALLEGATIONS**

1. Plaintiff, MARIAH BEAVERS ("MARIAH") is an adult individual, citizen, and resident of the state of Illinois, residing in Hazel Crest, Illinois.

2. At all times relevant herein, Defendant, SMITH & WESSON SALES COMPANY, INC., ("SMITH & WESSON") was a corporation headquartered in Maryville, Tennessee, and incorporated in Delaware.

3. At all times relevant herein, Defendant SMITH & WESSON regularly conducted business in Cook County, Illinois.

4. At all times relevant herein, Defendant SMITH & WESSON purposefully established significant contacts in Illinois, and has carried out, and continues to carry out substantial, continuous, and systematic business activities in Illinois, specifically in Cook County.

1

5. At all times relevant herein, Defendant, RANGE AT 355, LLC, was a domestic corporation headquartered at 9003 Murphy Road, Bolingbrook, IL 60440.

6. At all times relevant herein, Defendant, RANGE AT 355, LLC regularly conducted business in Cook County, Illinois.

7. At all times relevant herein, SMITH & WESSON purposefully established significant contacts in Illinois, and has carried out, and continues to carry out substantial, continuous, and systematic business activities in Illinois, specifically in Cook County.

8. On and before February 10, 2024, Defendant SMITH & WESSON designed, manufactured, advertised, marketed, and distributed a firearm known as the M&P380 Shield EZ, M2.0, NTS Pistol.

9. At all times relevant herein, Defendant, RANGE AT 355, LLC contracted with Defendant SMITH & WESSON to market, advertise, distribute, and sell SMITH & WESSON firearms.

10. At all times relevant herein, Defendant, RANGE AT 355, LLC contracted with Defendant SMITH & WESSON to market, advertise, distribute, and sell the SMITH & WESSON M&P Shield EZ, M2.0, NTS Pistol.

11. On or about November 22, 2022, Defendant, RANGE AT 355, LLC marketed, advertised, distributed, and sold the M&P Shield EZ, M2.0, NTS Pistol to MARIAH BEAVERS.

12. On or about February 10, 2024, and at all times relevant, MARIAH BEAVERS was lawfully licensed to carry firearms, had a valid Fire Arm Owners Identification card ("FOID"), and concealed carry license.

13. On or about February 10, 2024, MARIAH BEAVERS stopped at a gas station to purchase products and fill her car with gas.

2

FILED DATE: 2/4/2026 3:10 PM   2026L001368

14. On or about February 10, 2024, and at all times relevant, MARIAH BEAVERS possessed the M&P380 Shield EZ, M2.0, NTS Pistol.

15. On or about February 10, 2024, and at all times relevant, MARIAH BEAVERS had the M&P380 Shield EZ, M2.0, NTS Pistol contained within her purse.

16. On February 10, 2024, and at all times relevant, MARIAH BEAVERS carried Defendants' M&P Shield EZ, M.2.0, NTS Pistol in her purse with the manual safety engaged.

17. On February 10, 2024, and at all times relevant, MARIAH BEAVERS carried Defendants' M&P Shield EZ, M.2.0, NTS Pistol in her purse with a grip safety engaged.

18. On or about February 10, 2024 or February 11, 2024, Defendants' M&P Shield EZ, M2.0, NTS Pistol suddenly and unexpectedly discharged, striking MARIAH BEAVERS.

19. At all times relevant, MARIAH BEAVERS did not touch the M&P Shield's trigger.

20. At all times relevant, MARIAH BEAVERS did not engage the M&P Shield's trigger.

21. At all times relevant, MARIAH BEAVERS did not intend to discharge the M&P Shield firearm.

22. At all times relevant, MARIAH BEAVERS did not attempt to discharge the M&P Shield firearm.

23. At all times relevant herein, and after the occurrence, it was discovered that Defendant SMITH & WESSON issued a recall for M&P Shield Ez Pistols.

24. At all times relevant herein, and after the occurrence, it was discovered that Defendant SMITH & WESSON issued a recall for M&P Shield EZ Pistols due to unintended discharge.

FILED DATE: 2/4/2026 3:10 PM   2026L001368

25. At all times relevant herein, and after the occurrence, it was discovered that Defendant SMITH & WESSON issued a recall for M&P Shield EZ Pistols due to unintended discharge due to a faulty hammer supplied by Defendant SMITH & WESSON's unknown contractor.

26. At all times relevant herein, and after the occurrence, Defendant SMITH & WESSON knew that unintended discharge of a firearm has the potential to cause injury.

27. Plaintiff has suffered permanent physical injury and disfigurement as a direct and proximate result of the misfire due to the defect and continued sale of the M&P Shield EZ, M2.0, NTS Pistol.

### COUNT I – STRICT PRODUCT LIABILITY
### MARIAH BEAVERS V. SMITH & WESSON SALES COMPANY, INC.

28. Plaintiff adopts and realleges paragraphs 1-27 as if fully set forth herein.

29. SMITH & WESSON, by and through its agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and/or distributors, is strictly liable under for the following reasons:

a. SMITH & WESSON is engaged in the regular business of designing, assembling, manufacturing, selling, supplying, distributing, and/or placing into the stream of commerce firearms, including the M&P Shield that injured Plaintiff;

b. The product involved in the subject incident was marketed and/or placed in the general stream of commerce by SMITH & WESSON;

c. The product was expected to and did reach users without substantial change in condition in which it was designed, assembled, manufactured, sold, supplied, distributed and/or placed into the stream of commerce;

d. The produce was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce in the defective condition for the reasons set forth above.

FILED DATE: 2/4/2026 3:10 PM   2026L001368

30. The M&P Shield was in a defective condition as: (1) the danger contained therein was unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of harm caused by the M&P Shield outweighed the burden or costs of taking precautions.

31. SMITH & WESSON breached its duties, by and through their agents, contractors, subsidiaries, servants, workers and/or employees, and was jointly and severally careless, negligent, grossly negligent, and/or reckless in the performance of its obligations.

32. The defective condition of the M&P Shield caused Plaintiff's injuries.

33. SMITH & WESSON is therefore strictly liable to Plaintiff.

34. As a direct and proximate result of the negligence set forth in this Count, MARIAH BEAVERS suffered severe physical injury, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical deformity, handicap, embarrassment associated with the same, loss of earnings and earning capacity, incurred medical, attendant care and life care expenses for her care and treatment. These injuries are either permanent or continuing in their nature and MARIAH BEAVERS will suffer such losses and impairments in the future.

WHEREFORE, Plaintiff, MARIAH BEAVERS, demands judgment against Defendant **SMITH & WESSON SALES COMPANY, INC.**, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and any other relief this Court deems just.

### COUNT II – NEGLIGENCE
### MARIAH BEAVERS V. SMITH & WESSON SALES COMPANY, INC.

35. Plaintiff adopts and realleges all paragraphs of this complaint as if fully set forth herein.

36. At all relevant times, SMITH & WESSON owed consumers, including MARIAH BEAVERS, the duty to design the M&P Shield weapon in such a manner and with the exercise of

5

reasonable care, so as to prevent it from firing without a trigger pull before selling it into the stream of commerce.

37.     At all relevant times, SMITH & WESSON owed MARIAH BEAVERS the duty to manufacture, assemble, inspect and/or test its M&P Shields in such a manner and with the exercise of reasonable care, so as to prevent it from firing without a trigger pull before selling the gun and placing it into the stream of commerce.

38.     At all relevant times, SMITH & WESSON owed a duty to unambiguously warn consumers and/or intended users of the M&P Shields, including MARIAH, of known or suspected defects that rendered the M&P Shield gun unreasonably dangerous to handle or use.

39.     Upon information and belief, SMITH & WESSON knew or had reason to know that the M&P Shield posed an unreasonable risk of harm by virtue of informal and formal claims arising from substantially similar incidents, internal testing and research, industry publications and research, and other sources of information to be developed in discovery.

40.     SMITH & WESSON breached the above-cited duties in various ways, including but not limited to, one or more of the following negligent acts:

a. By failing to use due care in designing and manufacturing the M&P Shield's firing and striker assembly to prevent un-commanded discharges;

b. By failing to use due care in designing the M&P Shield failing to incorporate a tabbed trigger safety;

c. By failing to issue a mandatory recall of the M&P Shield aside from the March March 1, 2020 through October 31, 2020 recall;

d. By failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity to discharge un-commanded as described above;

e. By negligently failing to unambiguously warn purchasers and end users of the gun, including MARIAH of said defective, hazardous, and unreasonably dangerous

6

conditions relating to its design and manufacture, which it knew or should have known through the exercise of ordinary care;

f.  By failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity to discharge un-commanded while in the possession of SMITH & WESSON, and during which times employees, servants or agents of SMITH & WESSON had an opportunity to inspect, service, and work on the gun; and,

g.  Other negligent acts and omissions to be developed in the course of discovery.

41.    At all times relevant, SMITH & WESSON knew or should have known that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

42.    At all times relevant, the defective condition was not visible and MARIAH BEAVERS, as a consumer, was not capable of realizing the dangerous condition and could not have discovered the dangerous condition even upon performing a reasonable inspection of the same.

43.    Defendant SMITH & WESSON's negligence, as alleged in this Count, directly and proximately caused the unintended discharge and MARIAH BEAVER's injuries resulting from the incident.

44.    As a direct and proximate result of the negligence set forth in this Count, MARIAH suffered severe physical injury, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical deformity, handicap, embarrassment associated with the same, loss of earnings and earning capacity, incurred medical, attendant care and life care expenses for her care and treatment. These injuries are either permanent or continuing in their nature and MARIAH will suffer such losses and impairments in the future.

7

WHEREFORE, Plaintiff, MARIAH BEAVERS, demands judgment against Defendant **SMITH & WESSON SALES COMPANY, INC.**, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and any other relief this Court deems just.

**COUNT III**
**MARIAH BEAVERS V. RANGE AT 355, LLC**

45.     Plaintiff adopts and realleges paragraphs 1-27 as if fully set forth herein.

46.     Upon information and belief, RANGE AT 355, LLC had knowledge of the various defects with the commercial version of the M&P Shield gun years before MARIAH was shot on February 11, 2024.

47.     At all relevant times, RANGE AT 355, LLC was engaged in the business of selling firearms, including the M&P Shield.

48.     On November 22, 2022, Plaintiff purchased the M&P Shield from RANGE AT 355, LLC.

49.     At all times relevant herein, Defendant RANGE AT 355, LLC, by and through its agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and/or distributors, is strictly liable for the following reasons:

a.  RANGE AT 355, LLC is engaged in the regular business of designing, assembling, manufacturing, selling, supplying, distributing, and/or placing into the stream of commerce firearms, including the M&P Shield that injured Plaintiff;

b.  The product involved in the subject incident was marketed and/or placed in the general stream of commerce by RANGE AT 355, LLC;

c.  The product was expected to and did reach users without substantial change in condition in which it was designed, assembled, manufactured, sold, supplied, distributed and/or placed into the stream of commerce;

d.  The produce was designed, assembled, manufactured, sold, supplied, distributed, and/or placed into the stream of commerce in the defective condition for the reasons set forth above.

8

50.     The M&P Shield was in a defective condition as: (1) the danger contained therein was unknowable and unacceptable to the average or ordinary consumer; and/or (2) a reasonable person would conclude that the probability and seriousness of harm caused by the M&P Shield outweighed the burden or costs of taking precautions.

51.     On or before November 22, 2022, Defendant RANGE AT 355, LLC breached its duties, by and through their agents, servants, workers and/or employees, and was jointly and severally careless, negligent, grossly negligent, and/or reckless in the performance of its obligations.

52.     At all times relevant herein, the defective condition of the M&P Shield caused Plaintiff's injuries.

53.     As a direct and proximate result of the negligence set forth in this Count, MARIAH suffered severe physical injury, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical deformity, handicap, embarrassment associated with the same, loss of earnings and earning capacity, incurred medical, attendant care and life care expenses for her care and treatment. These injuries are either permanent or continuing in their nature and MARIAH will suffer such losses and impairments in the future.

54.     RANGE AT 355, LLC is therefore strictly liable to Plaintiff.

WHEREFORE, Plaintiff, MARIAH BEAVERS, demands judgment against Defendant **RANGE AT 355, LLC**, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and any other relief this Court deems just.

## COUNT IV – NEGLIGENCE
## MARIAH BEAVERS V. RANGE AT 355, LLC

55.     Plaintiff adopts and realleges all paragraphs of this complaint as if fully set forth herein.

9

56.     At all times relevant, Defendant RANGE AT 355, LLC knew or should have known that the M&P Shield was dangerously defective, and despite that knowledge, sold it to Plaintiff.

57.     At all times relevant, the negligence, gross negligence, carelessness, recklessness, and other wrongful and liability producing conduct of RANGE AT 355, LLC, its agents, servants, and/or employees which was a proximate cause of the incident described herein, consisted of, but is not limited to the following:

    a.  Failing to use due care by selling a handgun publicly known to be dangerously defective;

    b.  Failing to sue due care by selling a dangerously defective handgun;

    c.  Failing to warn customers, such as Plaintiff, that the M&P Shield was publicly known to be dangerously defective.

58.     At all times relevant herein, Defendant RANGE AT 355, LLC knew or should have known that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

59.     At all times relevant, the M&P Shield's defective condition was not visible and MARIAH BEAVERS, a consumer, was not capable of realizing the dangerous condition and could not have discovered the dangerous condition even upon performing a reasonable inspection of the same.

60.     At all times relevant, Defendant RANGE AT 355, LLC's negligence, as alleged in this Count, directly and proximately caused the unintended discharge and MARIAH BEAVER's injuries resulting from the incident.

61.     As a direct and proximate result of the negligence set forth in this Count, MARIAH BEAVERS suffered severe physical injury, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, physical deformity, handicap, embarrassment associated with the same, loss

10

of earnings and earning capacity, incurred medical, attendant care and life care expenses for her care and treatment. These injuries are either permanent or continuing in their nature and MARIAH BEAVERS will suffer such losses and impairments in the future.

WHEREFORE, Plaintiff, MARIAH BEAVERS, demands judgment against Defendant **RANGE AT 355, LLC**, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), and any other relief this Court deems just.

Respectfully submitted,

*/s/ Dominic C. LoVerde*
Attorney(s) for the Plaintiff

Dominic C. LoVerde
William S. Steinman
**LOVERDE LAW, LLC**
53 W. Jackson Blvd, Suite 715
Chicago, IL 60604
Phone: (312) 625-2300
Fax: (331) 258-1112
service@loverdelawllc.com
dcl@loverdelawllc.com
will@loverdelawllc.com
Firm No. 102266